# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AINSWORTH C. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1373 (RWR) |
| | ) | |
| U.S. PAROLE COMMISSION *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Ainsworth C. Jackson filed this pro se petition for a writ of habeas corpus against the United States Parole Commission, the Federal Bureau of Prisons ("BOP"), and the Court Services and Offender Supervision Agency, contending that "the respondents have incorrectly computed" the time remaining on his sentence. Pet. at 5. Because Jackson fails to rebut the dispositive showing respondents make in opposition to the petition and the additional argument Jackson does raise lacks merit, the petition will be dismissed.

Since April 11, 1989, when the United States District Court for the Western District of North Carolina sentenced Jackson to serve six years in prison, the Superior Court for the District of Columbia and the United States District Court for the District of Columbia have, on three different dates through three separate sentences, imposed an additional 11 years and 9 months of prison sentences on Jackson. *See* Defs.' Opp'n at 1-2. Jackson is no longer incarcerated, but remains under sentence and under supervision. In his habeas petition, he contends that his two Superior Court sentences expired some time ago, making his continued supervision under sentence unlawful. Specifically, he asserts that he was "not given credit for time spent in . . .

custody . . . from 12-19-89 until February 1991," or "from 12-19-89 until 8-26-94," and that the two sentences imposed on him by the Superior Court had expired. Pet. at 5.

The respondents' opposition to Jackson's petition is fully supported by documentary exhibits that show that Jackson was given full credit toward fulfilling his sentences for the time he spent in custody between December 19, 1989 and August 26, 1994. Defs.' Opp'n at 12 (citing Ex. 1 at 24, 32-34, and Ex. 32 ¶ 8). The opposition also shows, supported by documentary evidence, that the Superior Court sentences had not expired. Defs.' Opp'n at 1-4, *see also id.* at 5 (noting that Jackson had previously raised claims of expired sentences in "several petitions for a writ of habeas corpus," all of which were rejected). In addition, the respondents demonstrate that Jackson never pursued with the BOP his claim for proper credit and thus that he failed to exhaust his administrative remedies. *Id.* at 6-9. Lastly, the respondents argue that in numerous prior actions he filed, he failed to raise issues that he raises here although the facts were fully known to him then, and that his petition constitutes an abuse of the writ. *Id.* at 9-12.

Jackson filed a response, but it does not rebut or address any of the facts or arguments made by the respondents. Jackson has, therefore, effectively conceded the respondents' arguments and abandoned all the grounds he initially asserted in his petition. Instead, in his most recent submission, Jackson raises a ground not raised in his petition. He argues that action taken by the Parole Commission on July 15, 1991 caused the six-year federal sentence imposed by the United States District Court for the Western District of North Carolina to expire early.

> Petitioner asserts that according to existing law and the law at the time of petitioner's initial [parole] hearing held on July 15, 1991, once petitioner was **"*continued to the expiration of his federal sentence, and continued to an initial parole hearing on the DC code sentences in July 1993*,**["] and petitioner was given an **"*initial hearing*"** on his DC sentences in July of 1993, the federal

2

> sentence no longer existed, and petitioner at this point began serving solely his D.C. sentences.

Pet.'s Traverse at 2 (emphasis in the original).

Petitioner's latest argument is meritless. As Jackson was informed in 2000 in a National Appeal Memorandum in response to his appeal from a decision by the Parole Commission:

> it was a mistake to issue a "continue to expiration" order regarding Jackson's U.S. Code sentence. But this is a harmless error in the wording of the [Parole Commission's] order. It only signified the decision-maker's intent that Jackson should serve to the hypothetical two-thirds of his U.S. Code term (48 months) before proceeding with the hearing using the D.C. guidelines on his D.C. Code sentences. The [continue to expiration] order had no effect on the BOP's established policy of aggregating U.S. Code and D.C. Code sentences.

Defs.' Opp'n, Ex. 18 at 3. Just as the Parole Commission does not have the authority to impose a sentence, which is strictly a judicial function, it also does not have the authority to alter or truncate a sentence imposed by a court. *See Ford v. Caulfield,* 652 F. Supp. 2d 14, 19 (D.D.C. 2009) ("It is well settled that imposing the sentence for conviction of a crime is a judicial function and that administering the sentence is an executive function.") (citing *United States v. Wilson,* 503 U.S. 329, 335 (1992)); *accord Montgomery v. U.S. Parole Comm'n,* Civil Action No. 06-2113 (CKK), 2007 WL 1232190,*2 (D.D.C. April 26, 2007) ("The Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers.") The Parole Commission's action on July 15, 1991 did not terminate Jackson's six-year federal sentence imposed on April 11, 1989.

In sum, the respondents have demonstrated that Jackson did not exhaust his administrative remedies before filing his petition, that this petition constitutes an abuse of the writ, and that Jackson is wrong on the facts he alleges in his petition. By failing to address these arguments, Jackson has effectively conceded them. Jackson's latest argument is frivolous and

3

warrants summary dismissal. For all these reasons, the petition for a writ of habeas corpus will be dismissed.

A separate order accompanies this memorandum opinion.

SIGNED this 8th day of April, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge